UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID BEAN, et al.,

        Plaintiffs,        Case No. 14-cv-12536

v        Honorable Thomas L. Ludington

DOUG & MATTHEW HOME REMODELING, LLC,
et al.

        Defendants.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND CANCELLING HEARING

On June 27, 2014, Plaintiffs David Bean, Michael Harris, and Joshua Thorpe filed suit against their former employer, Doug & Matthew Home Remodeling, LLC, and its manager Douglas Wooding. Plaintiffs allege that Defendants violated the Fair Labor Standards Act by requiring them to work more than forty hours per week without any overtime pay.

On March 2, 2015, Defendants filed a motion for summary judgment contending that Plaintiffs had not established that they worked more than forty hours a week, which is part of their prima facie case. Because Plaintiffs are entitled to rely on their own deposition testimony to establish the factual issue of whether they worked more than forty hours a week, Defendants' motion for summary judgment will be denied.

I.

Defendants are in the business of buying homes, repairing them, and then reselling them. Mot. Summ. J. 2.

Each Plaintiff worked for Defendants between 2012 and 2014. Compl. ¶ 8-11. Plaintiffs worked as general laborers, performing plumbing, roofing, drywall installation, window installation, siding installation, and painting. *Id*. ¶ 13. Plaintiffs allege that they worked an average of fifty-six hours per week, but were not paid overtime. *Id*. ¶ 17.

**II.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**III.**

The Fair Labor Standards Acts compels employers to pay the federal minimum wage and provide overtime pay to those employees covered by the Act's overtime provisions. *Jewell Ridge Coal Corp. v. Local No. 6167*, 325 U.S. 161, 167 (1945). An employer must compensate any covered, non-exempt employee who works more than forty hours per workweek for "employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In an action by the employee to recover unpaid wages under the FLSA, the employee "must prove by a preponderance of evidence that he or she performed work for which he was not properly compensated." *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (citing *Anderson v. Mt. Clemens Potter Co.*, 328 U.S. 680, 686-87 (1946)).

**A.**

In their motion for summary judgment, Defendants assert only one argument: that Plaintiffs cannot establish that they ever worked more than forty hours in one week because they kept no written time records:

> In this case no time records were kept by anyone. It is pure speculation as to the amount of hours Plaintiffs worked. Without being able to prove the essential element of their case (that they worked more than 40 hours in any week) summary judgment is not only appropriate, but required.

Defs.' Mot. Summ. J. 5, ECF No. 12.[1]

In response, Plaintiffs offer their deposition testimony in which they claim that they often worked more than forty hours a week. Plaintiff Bean provided the following typical schedule in his deposition, in which he claimed to work at least 56 hours a week:

> Q:     So tell me how your typical workweek would go.
>
> Bean:  Monday through Thursday 8 o'clock in the morning until 8 o'clock at night. Friday 8 o'clock in the morning until 4 o'clock in the afternoon. And sometimes we would get called in to go to work on weekends. We would get told we have to work later than 8 o'clock sometimes.

Pls.' Resp. Ex. 3 at 20, ECF No. 15. Likewise, Plaintiff Harris reiterated that a 56 hour work-week was typical:

> Q:      Did you keep track of the hours that you worked in 2012 or 2013 for the Defendants?
>
> Harris: No. The reason I didn't keep track is because it was 8 a.m. to 8 p.m. most generally Monday through Thursday, unless we were asked to work over due to a job being finished up or whatever. And then Fridays we usually worked 8 to 4. And then sometimes we were asked to work late to burn trash from the house or to finish a house or occasionally on a Saturday.

Pls.' Resp. Ex. 4 at 10. As did Plaintiff Thorpe:

> Q:     How did you keep track of your hours worked?

---

[1] This is literally Defendants' entire argument section in their brief.

- 3 -

> Thorpe: We worked 8 to 8 Monday through Thursday and 8 to 4 on Friday as a norm. And outside of that, sometimes we would—late at night we would end up having to burn, burn items that we're pulling out of the houses that were burnable. And I would say three nights a week we would end up working until 11, 12 o'clock at night tending fire. Sometimes on the weekends he would get close to selling a house, something would be wrong. He would call one of his workers and send us out to whatever job site it was to fix whatever the problem it was.

Pls.' Resp. Ex. 5 at 16. Thus, all three Plaintiffs testified during their depositions that they typically worked more than forty hours a week.

**B.**

First, contrary to Defendant's assertion, FLSA plaintiffs are not limited to proving the number of hours worked through contemporaneous written time records. Not only is this assertion contrary to Sixth Circuit precedent, but also to the Federal Rules of Civil Procedure. *See Bueno v. Mattner*, 829 F.2d 1380, 1387 (6th Cir. 1987) (FLSA plaintiffs testimony can be sufficient to satisfy their burden of proof regarding the number of hours worked); Federal Rule of Civil Procedure 56(c)(1)(A) (a party can support a factual assertion by "citing to particular parts of materials in the record, *including depositions* . . . .") (emphasis added).

Second, courts generally may not resolve credibility disputes on summary judgment. *Dawson v. Dorman*, 528 F. App'x 450 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But this statement presupposes that there is actually a credibility dispute; that is, that the parties have offered conflicting evidence on the issue of credibility. Here, Defendants have not offered any evidence to show that Plaintiffs did not work more than forty hours in a week, nor have they offered any evidence that would undermine Plaintiffs' credibility. Thus, for purposes of Defendants' motion for summary judgment, there is not even a disputed issue of fact regarding whether Plaintiffs worked more than forty hours a week.

Lastly, Plaintiffs' estimation of the hours they worked is not so speculative as to merit summary judgment. Courts have routinely held that "[it] is . . . a fundamental precept of the

FLSA that an employee should not be denied recovery because proof of the number of hours worked is inexact or not perfectly accurate." *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 989 (W.D. Tenn. 2011) (quoting *Mendez v. Brady*, 618 F. Supp. 579, 587 (W.D. Mich. 1985); *Berger v. Cleveland Clinic Found.*, 2007 WL 2902907, at *15 (N.D. Ohio Sept. 29).  As the Supreme Court explained: "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of . . . the Act . . . ." *Mt. Clemens*, 328 U.S. at 688.

Here, Plaintiffs have produced sufficient evidence, in the form of their deposition testimony, to establish a prima facie case that Defendants violated overtime provisions of the FLSA.  Therefore, Defendants' motion for summary judgment will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 15) is **DENIED**.

It is further **ORDERED** that the motion hearing set for May 20, 2015 is **CANCELLED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: April 15, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2015.

                               s/Karri Sandusky
                               Karri Sandusky, Acting Case Manager