IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**DAVID BEAN,**
**MICHAEL HARRIS,** and
**JOSHUA THORPE,**                        Case No. 14-cv-12536
                                          Hon. THOMAS L. LUDINGTON

        Plaintiffs,

v.

**DOUG & MATTHEW HOME**
**REMODELING, LLC,** and
**DOUG WOODRING,**

        Defendants.

---

| | |
|---|---|
| **GOLD STAR LAW, P.C.** | **THE LAW OFFICE OF PETER** |
| **Caitlin E. Malhiot (P76606)** | **ALBERTINS, PLC** |
| **Maia E. Johnson (P40533)** | **Peter Albertins (P48886)** |
| **David A. Hardesty (P38609)** | Attorney for Defendants |
| Attorneys for Plaintiffs | 30773 Milford Rd., Ste. 117 |
| 2701 Troy Center Dr., Ste. 400 | New Hudson, MI 48165 |
| Troy, MI 48084 | (248) 207-4308 |
| (248) 275-5200 | *pralbertins@live.com* |
| *cmalhiot@goldstarlaw.com* | |
| *mjohnson@goldstarlaw.com* | |
| *dhardesty@goldstarlaw.com* | |

**KIM A. HIGGS (P25376)**
Attorney for Defendants
1001 Center Avenue
Bay City, Michigan 48708
(989) 892-0114
*Kimhiggs@aol.com*

---

**DEFENDANTS' TRIAL BRIEF**

1

# **TABLE OF CONTENTS**

Background Facts………………………………………………………………....3

Law and Argument………………………………………………………………..5

      FLSA Requirements…………………………………………………………5

      FLSA Statute of Limitations…………………………………………………6

      What constitutes a willful violation of FLSA?..................................................7

      Who is employer under provisions of FLSA?..................................................8

      Who is employee under provisions of FLSA?.................................................9

      Economic Reality Test…………………………………………………….. 10

      Defendants concede that Plaintiffs were employees rather than
Independent Contractors after evaluating their status in the context
of the Economic Reality Test………………………………………………12

      Liquidated Damages……………………………………………………….12

      Award of Attorney Fees to Prevailing Plaintiffs…………………….…13

Conclusion………………………………………………………………..…14

## BACKGROUND FACTS

This action was brought by three individuals pursuant to the provisions of the Fair Labor Standards Act claiming that Defendants violated the act by failing to pay them overtime pay.

Plaintiff David Bean (Bean) is a resident of Saginaw County, State of Michigan. Plaintiff Michael Harris (Harris) is a resident of Shiawassee County, State of Michigan. Plaintiff Joshua Thorpe (Thorpe) is a resident of Shiawassee County, State of Michigan. Defendant, Dough & Matthew Home Remodeling, LLC, is a Michigan Limited Liability Company with its place of business in the County of Genesee, State of Michigan. Defendant, Douglas Woodring, is the resident agent, member and manager of Defendant, Dough & Matthew Home Remodeling, LLC.

The Complaint in this action was filed on June 27, 2014. Plaintiff Bean first began providing services to Defendant in the spring of 2011. Plaintiff Bean quit providing services to Defendant in 2012; however, in his deposition, he was unable to provide the date. When Bean first began providing services to Defendant, he was paid $350 a week and he was paid that rate for two or three months. After three months, Bean was paid $425.00 per month. Bean's first term of service for Defendant concluded in 2011 and he worked for a second period of time beginning in January of 2012 and concluding after five months.

Bean did not report his income to the IRS. Bean was paid by check from the Defendant. Bean did not keep track of the hours he worked in 2011. Bean did not keep track of the hours he worked in either 2011 or 2012. Bean was not provided any benefits by the Defendants. Bean did not have to keep a time card while he worked for Defendants. Bean provided mainly painting services for Defendants, although he also hung drywall and finished drywall. Bean did not work for anyone else in 2011 other than Defendants. Bean did not bring his own tools to the job site.

Michael R. Harris performed services for Defendants during the months of April and May of 2012. Harris was paid $325.00 per week by Defendants. Harris did not file taxes in 2012 or 2013. When Harris filed an income tax return which covered a three year period, including 2012 and 2013, he did not declare the income he had received from Defendants. Harris did not keep track of the hours he worked for Defendants in either 2012 or 2013. Harris did not keep track of the hours he allegedly worked on Saturdays or for the time he allegedly worked in the evenings burning trash.

Harris did not fill out a job application when he began working for Defendants. Harris did not speak with Doug Woodring very often. Harris did not provide his own tools when he provided services to Defendants. Harris provided services to Defendants which were described as general labor, including painting and cleanup. Harris was not provided any fringe benefits by Defendants.

Plaintiff Thorpe began his employment with Defendants on or around January 2009 and ended his work for Defendants in April of 2014. Thorpe never kept records of the hours he worked for Defendants. Thorpe was provided a 1099 for all years of service he provided Defendants. Thorpe provided various services for Defendants including wiring, plumbing, drywall, finish work, installation of kitchen cabinets, countertops, windows, doors, building walls and roofs. Thorpe did not normally provide any tools when he worked for Defendants. Thorpe did not keep any records of the hours he worked for Defendants for any year of his service. When Thorpe began providing services to Defendants, he was paid $500 a week. Defendants kept no time records of the hours worked by any Plaintiff. Defendants dispute the claim that Plaintiffs are entitled to overtime compensation because they claim that Plaintiffs were independent contractors rather than employees pursuant to the provisions of the Fair Labor

Standards Act and further Defendants dispute that Plaintiffs worked the number of hours of overtime claimed.

## LAW AND ARGUMENT

**FLSA Requirements**

Under the Fair Labor Standards Act employers must pay their employees overtime for hours worked in excess of forty in a workweek. *Misewicz v. City of Memphis, Tenn*. 771 F.3d 332, 333-34 (6th Cir. 2014) (citing 29 U.S.C. § 207(a)(1))  Plaintiffs have the burden of proving that their employer violated the Fair Labor Standards Act. *Herman v. Palo Group Foster Home, Inc*. 183 F.3d 468 ( 6th Cir. 1999)

Under the FLSA, only employees are entitled to overtime and minimum-wage compensation. *Keller v Miri Microsystems LLC* 781 F.3d 799 (6th Cir. 2015) citing *Ellington*, 689 F.3d at 553.  Independent contractors do not enjoy FLSA's protection. *Keller v Miri Microsystems LLC* 781 F.3d 799 (6th Cir. 2015) citing *Rutherford*, 331 U.S. at 729, 67 S.Ct. 1473. Under 29 U.S.C. § 216(b), an employee may bring a private action against an employer for unpaid overtime or minimum wages. This provision does not authorize employee suits for violations of the FLSA's recordkeeping requirements. Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor. *See* 29 U.S.C. § 217 (authorizing the Secretary to initiate injunction proceedings to restrain any violation of 29 U.S.C. § 215, including 29 U.S.C. § 215(a)(5), which makes it unlawful for an employer to fail to comply with the recordkeeping requirements contained in 29 U.S.C. § 211(c)); *see also Powell v. Florida,* 132 F.3d 677, 678 (11th Cir.), *cert. denied,* 524 U.S. 916, 118 S.Ct. 2297, 141 L.Ed.2d

158 (1998) (noting that Secretary has exclusive authority to bring suit under § 217). *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832 (6th Cir. 2002)

A plaintiff generally has the burden of proving that his employer violated the FLSA. However, where the employer's records are inaccurate or inadequate ... an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) (quoted and reaffirmed in *United States Dep't of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 779 (6th Cir.1995)), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.,* 463 F.2d 1289, 1293 (D.C.Cir.1972).

**FLSA Statute of Limitations**

The Fair Labor Standards Act (FLSA) requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a "willful" violation may be commenced within three years. *McLaughlin v. Richland Shoe Company*, 108 St. Ct. 1677, 486 U.S. 128 (1988) For the three-year limitations period to be applicable to actions arising out of "willful" violations of Fair Labor Standards Act, the standard of willfulness adopted in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105

S. Ct. 613, 83 L.Ed.2d 523, is that employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute, must be satisfied. *McLaughlin v. Richland Shoe Company*, 108 St. Ct. 1677, 486 U.S. 128 (1988)

**What Constitutes a Willful Violation of the FLSA?**

To constitute a willful violation of the FLSA, employer's conduct has to be more than merely negligent. *McLaughlin v. Richland Shoe Company*, 108 St. Ct. 1677, 486 U.S. 128 (1988) A willful violation of FLSA for limitations purposes requires that employer acted recklessly; at least, it is not sufficient that the employer acted unreasonably. *Claeys v. Gandalf LTD.*, 303 F. Supp. 2d 890 (U.S. Dist. S.D. Ohio, 2004) In determining whether the two-year statute of limitations bars a portion of Plaintiffs' claims, the Court must first examine when his claim accrued. When a plaintiff alleges a violation of the FLSA based on a failure to pay overtime wages, each paycheck that fails to include wages for overtime constitutes a separate violation. Consequently, a new cause of action accrues with the receipt of each paycheck. *Archer v. Sullivan County,* 129 F.3d 1263, 1997 WL 720406 at *2 (6th Cir.1997) (unpublished) (*citing Halferty v. Pulse Drug Co., Inc.,* 821 F.2d 261, 271 (5th Cir.), *modified on other grounds,* 826 F.2d 2 (5th Cir.1987)); *Knight v. Columbus,* 19 F.3d 579, 581 (11th Cir.1994). As such, even if an employer continuously fails to pay overtime wages during the course of employment, each paycheck constitutes a separate violation, and claims based on any paycheck that falls outside the statutory period are barred.

Any claim in the instant action for overtime prior to June 27, 2012 is barred unless the Court determines that Defendants' violation of the FLSA was "willful." *Claeys v. Gandalf LTD.*, 303 F. Supp. 2d 890 (U.S. Dist. S.D. Ohio, 2004) This case involves an alleged series of repeated violations of an identical nature. Because each violation gives rise to a new cause of

action, each failure to pay overtime begins a new statute of limitations period as to that particular event. *Knight v. Columbus*, 19 F. 3d 579, 581 (11th Cir. 1994)

The Sixth Circuit has held that a violation of the Act was willful when undisputed evidence showed that the employer "had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA. *Elliot Travel, supra*, at 967.

While it might be argued that Defendants acted negligently or unreasonable in treating Plaintiffs as independent contractors rather than employees, Defendants assert that they did not willfully violate the provisions of the FLSA. After reviewing the relevant case law addressing regarding the economic reality test, Defendants are willing to concede that they mistakenly classified the Plaintiffs as independent contractors rather than employees. This admission should be seen as a good faith effort to bring them into compliance with the act both now and in the future. While Defendants mistakenly failed to comply with the act, they never willfully violated the act nor have they shown reckless disregard as to whether their conduct was prohibited by the statute.

**Who is an "employer" under the provisions of the FLSA?**

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The question of whether a particular situation is an employment relationship is a question of law. *Fegley v. Higgins*, 19 F.3d 1126, 1132 (6th Cir. 1994) The remedial purposes of the FLSA require the courts to define "employer" more broadly than the term would be interpreted in traditional common law applications. *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir.1991) (quoting *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir.1989) (per curiam)). In other words, the

employment relationship determination "is not fixed by labels that parties may attach to their relationship nor by common law categories nor by classifications under other statutes." *Powell,* 339 U.S. at 528, 70 S.Ct. 755

**Who is an "employee" under the provisions of the FLSA?**

The Sixth Circuit has held that "employees are those who as a matter of economic reality are dependent upon the business to which they render services. *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984) The "economic reality" of the relationship between a plaintiff and a defendant "determines whether their relationship is one of employment." *Solis v. Laurelbrook Sanitarium & Sch. Inc.,* 642 F.3d 518, 522 (6th Cir.2011) (citing *Alamo,* 471 U.S. at 301, 105 S.Ct. 1953).

**Economic Reality Test**

The "economic reality" standard, however, is not a precise test susceptible to formulaic application. See *Donovan v. Brandel,* 736 F.2d 1114, 1116 (6th Cir.1984). The "economic reality" standard prescribes a case-by-case approach, whereby the court considers the "circumstances of the whole business activity," *id.;* see *Dunlop v. Dr. Pepper–Pepsi Cola Bottling Co. of Dyersburg, Tenn.,* 529 F.2d 298, 301 (6th Cir.1976) (stating that in applying the economic reality standard, "the authoritative decisions require that the courts consider the total relationship rather than isolated factors"). Relevant factors to consider may include whether the plaintiff is an integral part of the operations of the putative employer, *Dr. Pepper–Pepsi Cola,* 529 F.2d at 301; the extent of the plaintiff's economic dependence on the defendant, *id.;* the defendant's "substantial control of the terms and conditions of the work" of the plaintiff, *Falk v. Brennan,* 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973); the defendant's authority to hire or fire the plaintiff, *Braddock v. Madison Cnty.,* 34 F.Supp.2d 1098, 1107 (S.D.Ind.1998)

9

(citing *Barfield v. Madison Cnty.,* 984 F.Supp. 491, 497 (S.D.Miss.1997)); and whether the defendant maintains the plaintiff's employment records and establishes the rate and method of payment, *id.* Consistent with the case-by-case approach prescribed by *Donovan,* these factors are not exhaustive and " '[n]o one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case.' " *Dole,* 942 F.2d at 966 (quoting *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 195 (5th Cir.1983)). As cited in *Ellington v. City of East Cleveland*, 689 F.3d 549 (6th Cir. 2012)

The "economic reality test" as established by the Sixth Circuit in *Donovan v. Brandel*, 736 F.2d 114, (6th Cir. 1984) includes the following six factors: (1) the permanency of the relationship between the parties; (2) the degree of skill required for the rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending upon his or her skill; (5) the degree of the alleged employer's right to control the manner in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business.

In an Administrator's Interpretation No.2015-1, dated July 15, 2015, U.S. Department of Labor Administrator David Weil addressed the subject of "*The Application of the Fair Labor Standard Act's 'Suffer or Permit" Standard in the Identification of Employees Who are Misclassified as Independent Contractors."* Addressing the economic reality test, Mr. Weil stated:

> "An 'entity suffers or permits' an individual to work, is as a matter of economic reality, the individual is dependent on the entity. *Anetnor*, 88 F.3d at 929. The Supreme Court and Circuit Courts of Appeals have developed a multi-factor 'economic realities' test to determine whether a worker is an employee or an independent contractor under the FLSA. *See, e.g. Tony & Susan Alamo*, 471 U.S. at 301 (noting that the test of employment under the FLSA is economic reality; *Goldberg v. Whitaker House Co-Op, Inc*. 366 U.S. 28, 33 (1961) (the

economic realities of the worker's relationship with the employer control, rather than technical concepts used to characterize that relationship.) The factors typically include: (A) the extent to which the work performed is an integral part of the employer's business; (B) the worker's opportunity for profit or loss depending on his or her managerial skill; (C) the extent of the relative investments of the employer and the worker; (D) whether the work performed requires special skills and initiative; (E) the permanency of the relationship; and (F) the degree of control exercised by the employer.

In undertaking this analysis, each factor is examined and analyzed in relation to one another, and no single factor is determinative. The 'control' factor, for example, should not be given undue weight. The factors should be considered in totality to determine whether a worker is economically dependent on the employer, and thus an employee. The factors should not be applied as a checklist, but rather the outcome must be determined by a qualitative rather than a quantitative analysis. The application of the economic realities factors is guided by the overarching principle that the FLSA should be liberally construed to provide broad coverage for workers, as evidenced by the Act's defining 'employ' as 'suffer or permit to work.'

In applying the economic realities factors, court have described independent contractors as those workers with economic independence who are operating a business of their own. On the other hand, workers who are economically dependent on the employer, regardless of skill level are employees covered by the FLSA. *See, e.g. Hopkins v. Cornerstone Am*. 545 F.3d 338, 343 (5th Cir. 2008) ("To determine if a worker qualifies as an employee, we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for him himself."); *Baker v. Flint Eng.'g & Constr. Co*. 137 F3d 1436, 1440 (10th Cir. 1998) (the economic realities of the relationship govern, and the focal point is whether the individual is economically dependent on the business to which he renders service or is, as a matter of economic fact, in business for himself); *Brock v. Superior Care, Inc*. 840 F.2d 1054, 1059 (2nd Cir. 1988) ("The ultimate concern is whether, as a matter of economic reality, the workers depend on someone else's business … or are in business for themselves."). Ultimately, in considering economic dependence, the court focuses on whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Scantland v. Jeffry Knight, Inc*. 721 F.3d 1308, 1312 (11th Cir. 2013) (quoting *Mednick v. Albert Enters., Inc*., 508 F.2d 297, 301-02 (5th Cir. 1975)).

Moreover, the economic realities of the relationship, and not the label an employer gives it, are determinative. Thus, an agreement between an employer and a worker designating or labeling the worker as an independent contractor is not indicative of the economic realities of the working relationship and is not relevant to the analysis of the worker's status. *See, e.g*. *Scantland*, 721 F.3d at 1311 ("This inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling the relationship, but rather focuses on whether 'the work done, in its essence, follows the usual path of an employee.') Quoting *Rutherford Food Corp v. McComb*, 331 U.S. 722, 729 (1947); *Superior Care*, 840 F.2d at 1059 ('[E]mployer's self-serving label of workers as independent contractors is not controlling.') *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) (explaining that '[a]n employee is not permitted to waive employee status,' and affirming that welders were employees despite having signed independent contractor agreements). Likewise, workers who are classified as independent contractors may receive a Form 1099-MISC from their employers. This form simply indicates

11

that the employer engaged the worker as an independent contractor, not that the worker is actually an independent contractor under the FLSA.  See *Olson v. Star Lift Inc*., 709 F. Supp. 2d 1351, 1356 (S.D. Fla. 2010) (worker's receipt of Form 1099-MISC from employer does not weigh in favor of independent contractor status).  'Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.' *Real v. Driscoll Strawberry Assocs., Inc*. 603 F.2d 748, 755 (9th Cir. 1979)

The ultimate inquiry under the FLSA is whether the worker is economically dependent on the employer or truly in business for him or herself.  If the worker is economically dependent on the employer, then the worker is an employee.  If the worker is in business for him or herself (i.e., economically independent from the employer), then the worker is an independent contractor."

**Defendants concede that Plaintiffs were employees rather than independent contractors after evaluating their status in the context of the economic realities test.**

Following consideration of the relevant case law addressing the economic realities test, Defendants concede that Plaintiffs were mistakenly classified as independent contractors rather than employees.  Pursuant to the factors enumerated in *Donvan, v. Brandel, supra*, (1), the permanency of the relationship between the parties is indicative of an employment relationship; (2) Plaintiffs skills were not exercised in an independent manner; (3) the Plaintiffs had no investment in equipment or materials for the task; (4) the Plaintiffs had no opportunity for profit or loss, depending upon their skills; (5), the employer maintained the right to control the manner in which the work was performed; and (6) the services rendered by the Plaintiffs was an integral part of the employer's business.

**Liquidated Damages**

The FLSA provides for liquidated damages in an amount equal to the actual damages. 29 U.S.C. § 216(c).  Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation,

as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (1998).

Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (1998). Liquidated damages under the FLSA "'are compensation, not a penalty or punishment.'" *McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir.1971) (quoting *Overnight Motor Co. v. Missel,* 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)

The Portal-to-Portal Act provides a limited affirmative defense to the liquidated-damages provision. The trial court may, at its discretion, reduce or eliminate the liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to the action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]." 29 U.S.C. § 260. *Dole v. Elliott Travel & Tours, Inc*. 942 F.2d 962, 967 (6th Cir 1991) recognized that the liquidated damages issue is "closely related" to the willfulness issue. 942 F.2d at 967. Absent a good-faith disagreement with the authority of the government to promulgate the statute, a finding of willfulness is dispositive of the liquidated-damages issue.

**Award of attorney fees to prevailing Plaintiffs**

An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and*

*Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir.1984). Since the FLSA does not discuss what constitutes a reasonable fee, "[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Fegley v. Higgins, 19 F.3d 1126 (6th Cir. 1994)*

## CONCLUSION

Defendants have conceded that Plaintiffs are entitled to overtime compensation at the rate of one and one half times their regular rate of pay for any hours they worked in a week in excess of 40 hours. The number of overtime hours the Plaintiffs have claimed they worked is in dispute and it will be left to the discretion of the court to determine the compensation owed to Plaintiffs after hearing all the testimony from each of the parties. Defendants assert that the normal two year statute of limitations should be applied to Plaintiffs' claims as Defendant neither knew nor showed reckless disregard as to whether their conduct was prohibited by statute. Defendants further assert that the Court should not award liquidated damages to the Plaintiffs because the act or omission giving rise to the action was in good faith and that they had reasonable grounds for believing that their act or omission was not in violation of the FLSA.

Respectfully submitted,

Date: August 10, 2015

/s/ Kim A. Higgs
Kim A. Higgs
Attorney for Defendants
1001 Center Avenue
Bay City, Michigan 48708
Tel: (989) 892-0114
FAX: (989) 892-0118
Kimhiggs@aol.com
P25376

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served electronically upon all counsel through the Court's Electronic Filing System.

Dated: August 11, 2015                          /s/ Kim A. Higgs
                                                           Kim A. Higgs
                                                           Attorney for Defendants
                                                           1001 Center Avenue
                                                           Bay City, Michigan 48708
                                                           Tel: (989) 892-0114
                                                           FAX: (989) 892-0118
                                                           Kimhiggs@aol.com
                                                           P25376